**Fill in this information to identify your case:**

Debtor 1: Cotey Barnette
Debtor 2 (Spouse, if filing): 
United States Bankruptcy Court for the: Western District of Virginia
Case number (if known): 17-61986

## Official Form 427
## Cover Sheet for Reaffirmation Agreement                                              12/15

Anyone who is a party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

### Part 1: Explain the Repayment Terms of the Reaffirmation Agreement

1. Who is the creditor?    FreedomRoad Financial
   Name of the creditor

2. How much is the debt?
   On the date that the bankruptcy case is filed    $ 5,999.23
   To be paid under the reaffirmation agreement    $ 5,999.23
   $ 192.59 per month for 35 months (if fixed interest rate)

3. What is the Annual Percentage Rate (APR) of interest? (See Bankruptcy Code § 524(k)(3)(E).)
   Before the bankruptcy case was filed    7.99 %
   Under the reaffirmation agreement    7.99 %  ☑ Fixed rate  ☐ Adjustable rate

4. Does collateral secure the debt?
   ☐ No
   ☑ Yes. Describe the collateral. 2015 KTM 350 XCF W, VIN VBKEXK406FM226101
   Current market value    $ 7,830.00

5. Does the creditor assert that the debt is nondischargeable?
   ☑ No
   ☐ Yes. Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable.

6. Using information from Schedule I: Your Income (Official Form 106I) and Schedule J: Your Expenses (Official Form 106J), fill in the amounts.

   Income and expenses reported on Schedules I and J

   6a. Combined monthly income from line 12 of Schedule I    $ 3,843.51
   6b. Monthly expenses from line 22c of Schedule J    $ 3,828.74
   6c. Monthly payments on all reaffirmed debts not listed on Schedule J    – $ _____
   6d. Scheduled net monthly income    $ 14.77
   Subtract lines 6b and 6c from 6a.
   If the total is less than 0, put the number in brackets.

   Income and expenses stated on the reaffirmation agreement

   6e. Monthly income from all sources after payroll deductions    $ 3,743.51
   6f. Monthly expenses    – $ 3,626.74
   6g. Monthly payments on all reaffirmed debts not included in monthly expenses    – $ _____
   6h. Present net monthly income    $ 14.77
   Subtract lines 6f and 6g from 6e.
   If the total is less than 0, put the number in brackets.

Official Form 427    Cover Sheet for Reaffirmation Agreement    page 1

Debtor 1  Cotey Barnette
         First Name    Middle Name    Last Name

Case number (if known) 17-61986

7. Are the income amounts on lines 6a and 6e different?
   ☒ No
   ☐ Yes. Explain why they are different and complete line 10. _____

8. Are the expense amounts on lines 6b and 6f different?
   ☒ No
   ☐ Yes. Explain why they are different and complete line 10. _____

9. Is the net monthly income in line 6h less than 0?
   ☒ No
   ☐ Yes. A presumption of hardship arises (unless the creditor is a credit union). Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses. Complete line 10.

10. Debtor's certification about lines 7-9

    If any answer on lines 7-9 is Yes, the debtor must sign here.

    If all the answers on lines 7-9 are No, go to line 11.

    I certify that each explanation on lines 7-9 is true and correct.

    X _Cotey Barnette_    X _____
    Signature of Debtor 1    Signature of Debtor 2 (Spouse Only in a Joint Case)

11. Did an attorney represent the debtor in negotiating the reaffirmation agreement?
    ☐ No
    ☒ Yes. Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement?
       ☐ No
       ☐ Yes

**Part 2: Sign Here**

Whoever fills out this form must sign here.

I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this *Cover Sheet for Reaffirmation Agreement.*

X _____    Date 11/29/17
Signature                MM / DD / YYYY

_____
Printed Name

Check one:
☐ Debtor or Debtor's Attorney
☐ Creditor or Creditor's Attorney

Official Form 427    Cover Sheet for Reaffirmation Agreement    page 2

Form 2400A (12/15)

Check one.
☐ Presumption of Undue Hardship
☒ No Presumption of Undue Hardship
*See Debtor's Statement in Support of Reaffirmation, Part II below, to determine which box to check.*

# UNITED STATES BANKRUPTCY COURT
Western District of Virginia

In re Cotey Barnette

*Debtor*

Case No. 17-61986

Chapter 7

## REAFFIRMATION DOCUMENTS

Name of Creditor: FreedomRoad Financial

☐ Check this box if Creditor is a Credit Union

## PART I. REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A. Brief description of the original agreement being reaffirmed: Promissory Note & Security Agreement
*For example, auto loan*

B. **AMOUNT REAFFIRMED**:   $ 5,999.23

   The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before _____, which is the date of the Disclosure Statement portion of this form (Part V).

   *See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C. The **ANNUAL PERCENTAGE RATE** applicable to the Amount Reaffirmed is  7.9900 %.

   *See definition of "Annual Percentage Rate" in Part V, Section C below.*

   This is a *(check one)* ☒ Fixed rate      ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

Form 2400A, Reaffirmation Documents                                                                 Page 2

D. Reaffirmation Agreement Repayment Terms *(check and complete one)*:

☐ $_____ per month for _____ months starting on _____.

☑ Describe repayment terms, including whether future payment amount(s) may be different from the initial payment amount.

$192.59/mo. until paid in full. Except as modified below, the terms of the attached Promissory Note and Security Agreement are hereby incorporated by reference. This reaffirmation agreement is void if the underlying security agreement is determined to be unenforceable or invalid by the Bankruptcy or other Court of competent jurisdiction.

E. Describe the collateral, if any, securing the debt:

Description:            2015 KTM 350 XCF...226101
Current Market Value    $            7,830.00

F. Did the debt that is being reaffirmed arise from the purchase of the collateral described above?

☑ Yes. What was the purchase price for the collateral?    $            10,262.00

☐ No. What was the amount of the original loan?    $_____

G. Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

|  | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due (including fees and costs) | $ 5,999.23 | $ 5,999.23 |
| Annual Percentage Rate | 7.9900 % | 7.9900 % |
| Monthly Payment | $ 192.59 | $ 192.59 |

H. ☐ Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit:

PART II.    DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

A. Were you represented by an attorney during the course of negotiating this agreement?

Check one.    ☑ Yes    ☐ No

B. Is the creditor a credit union?

Check one.    ☐ Yes    ☑ No

Form 2400A, Reaffirmation Documents                                                                 Page 3

C. If your answer to EITHER question A. or B. above is "No," complete 1. and 2. below.

1. Your present monthly income and expenses are:

   a. Monthly income from all sources after payroll deductions
   (take-home pay plus any other income)                                    $ 3,443.51

   b. Monthly expenses (including all reaffirmed debts except
   this one)                                                                $ 3,433.74

   c. Amount available to pay this reaffirmed debt (subtract b. from a.)    $ 209.77

   d. Amount of monthly payment required for this reaffirmed debt           $ 192.54

   *If the monthly payment on this reaffirmed debt (line d.) **is greater than** the amount you have available to pay this reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

2. You believe that this reaffirmation agreement will not impose an undue hardship on you or your dependents because:

   Check one of the two statements below, if applicable:

   [X] You can afford to make the payments on the reaffirmed debt because your monthly income is greater than your monthly expenses even after you include in your expenses the monthly payments on all debts you are reaffirming, including this one.

   [ ] You can afford to make the payments on the reaffirmed debt even though your monthly income is less than your monthly expenses after you include in your expenses the monthly payments on all debts you are reaffirming, including this one, because:

   Use an additional page if needed for a full explanation.

D. If your answers to BOTH questions A. and B. above were "Yes," check the following statement, if applicable:

   [ ] You believe this Reaffirmation Agreement is in your financial interest and you can afford to make the payments on the reaffirmed debt.

Also, check the box at the top of page one that says "No Presumption of Undue Hardship."

Form 2400A, Reaffirmation Documents

Page 4

## PART III. CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I hereby certify that:

(1) I agree to reaffirm the debt described above.

(2) Before signing this Reaffirmation Agreement, I read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

(3) The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

(4) I am entering into this agreement voluntarily and am fully informed of my rights and responsibilities; and

(5) I have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S) (If this is a joint Reaffirmation Agreement, both debtors must sign.):

Date 11/3/17    Signature _____
                                    Debtor

Date _____    Signature _____
                                    Joint Debtor, if any

**Reaffirmation Agreement Terms Accepted by Creditor:**

Creditor  FreedomRoad c/o Capital Recovery    1790 E River Rd Ste 101 Tucson, AZ 85718
            Print Name                                              Address

          Nichlas P. Spallas                    _____   11/30/17
          Print Name of Representative              Signature                Date

## PART IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.

Date 11/30/17    Signature of Debtor's Attorney _____

                  Print Name of Debtor's Attorney _____



**FreedomRoad Financial** — GET OUT AND RIDE

# PROMISSORY NOTE, DISCLOSURE AND SECURITY AGREEMENT

LENDER: **FreedomRoad Financial** — A DIVISION OF EVERGREEN PRIVATE BANK

**BORROWER(S)**

NAME: COTEY BARNETTE

NAME: _____

DEALER: Star City Powersports
ADDRESS: 3372 JOHNSON CREEK RD   Lynch Station, VA 24571
ADDRESS: _____
ADDRESS: _____

## DESCRIPTION OF MOTOR VEHICLE PURCHASED:

| New or Used | Year | Make and Model | Vehicle Identification Number | Use For Which Purchased |
|---|---|---|---|---|
| ☑ New ☐ Used | 2015 | KTM 350 XCF W | VBKEXK406FM226101 | ☑ Personal ☐ Business |

### TRUTH-IN-LENDING DISCLOSURE

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 7.99 % | $ 2,056.40 (e) | $ 9,499.00 | $ 11,555.40 (e) |

(e) means an estimate

**Your payment schedule will be:**

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 60 | 192.59 | Monthly Beginning 10/17/2015 |
|  | 0.00 |  |
|  | 0.00 |  |

**Security:** You are giving Us a security interest in the Motor Vehicle being purchased.
**Late Charge:** If a payment is more that 10 days late, You will be charged five percent (5%) of the full amount of the scheduled payment.
**Filing Fee:** $ 0.00
**Prepayment Charge:** If You pay off early, You will not have to pay a penalty; and will not be entitled to a refund of a part of the finance charge. See Your contract documents for any additional information about nonpayment, default, any required prepayment in full before the scheduled date, and prepayment penalties.

### ITEMIZATION OF AMOUNT FINANCED

1. Cash Sale Price (including any accessories, extras, services, and taxes) ......... 523.01 ......................... $ 10,262.00 (1)
2. Total Downpayment = Net Trade-in $ _____ 0.00 _____ + Cash Downpayment $ _____ 901.00 _____
   Your Trade-in is a _____ ................ $ 901.00 (2)
3. Unpaid Balance of Cash Price (Amount paid on Your Account) (1 minus 2) paid to dealer ................ $ 9,361.00 (3)
4. Amounts Paid to Others on Your Behalf:
   A. To: Credit Insurance Company (single life) ................................................. $ 0.00 *
   B. To: Credit Insurance Company (joint life) .................................................. $ 0.00 *
   C. To: Accident and Health Insurance Company ............................................ $ 0.00 *
   D. To: Public Officials For Title, License, Lien Fee and Registration Fees (Itemize) ......... $ 0.00
      _____
   E. Other Charges (Identify Who Must Receive Payment and Describe Purpose)
      To: _____ For Service Contract    $ 0.00 *
      To: _____ For GAP Insurance       $ _____ *
      To: _____ For: Prepaid Maintenance $ 19.00 *
      To: _____ For: Other Taxable       $ 119.00 *
      Total Other Charges and Amounts Paid to Others on Your Behalf ........... $ 138.00 (4)
5. Prepaid Finance Charges:
   A. Loan Processing Fee .................................................................... $ _____ *
   B. Other: N/A _____ $ _____
   Total Prepaid Finance Charges ........................................................... $ 0.00 (5)
6. Principal Amount (3 + 4 ÷ 5) ................................................................ $ 9,499.00 (6)
7. Amount Financed (6 minus 5) .............................................................. $ 9,499.00 (7)

*Dealer may share in or receive a portion of these amounts.

_Cotey Barnette_    9/17/15    _____    _____
Borrower's Signature    Date    Borrower's Signature    Date

Page 1 of 3

## ADDITIONAL TERMS AND CONDITIONS

**NOTICE:** THE ANNUAL PERCENTAGE RATE MAY BE NEGOTIABLE WITH THE DEALER. THE DEALER MAY RECEIVE A PART OF THE FINANCE CHARGE.

**CREDIT INSURANCE DISCLOSURE:** YOU ARE REQUESTING CREDIT INSURANCE INDICATED HEREIN. YOU AGREE THAT IT IS NOT REQUIRED AS A CONDITION OF THIS LOAN. Please review the information provided by the insurer for more detail concerning the terms and conditions. Please check the appropriate box(es) and sign below if You wish to purchase insurance:

☐ Single Credit Life Insurance (Borrower only)   ☐ Credit Disability Insurance (Borrower only)
☐ Joint Credit Life Insurance
Insurer(s): _____
Address: _____
Credit Life: Term: ____ Premium $ __0.00__   Joint Credit Life: Term: ____ Premium $ __0.00__
Credit Disability: Term: ____ Premium $ __0.00__ Other: ____ Term: ____ Premium $ __0.00__

X_____   X_____
Borrower       Date       Co-Borrower       Date

**OPTIONAL GUARANTEED AUTO PROTECTION DISCLOSURE:** YOU ARE REQUESTING GAP COVERAGE INDICATED HEREIN. YOU AGREE THAT IT IS NOT REQUIRED AS A CONDITION OF THIS LOAN AND THAT YOU MAY PURCHASE IT FROM ANY COMPANY YOU WANT WHICH IS AUTHORIZED TO SELL SUCH COVERAGE AND IS ACCEPTABLE TO US. If You wish to purchase Gap coverage under this Agreement and You agree to pay the additional cost for the coverage, please sign below.
I request Gap coverage and agree to pay the additional cost of $ _____
The Gap company is _____ at _____
                    Name of company                 Office Address

X_____   X_____
Borrower       Date       Co-Borrower       Date

**PROPERTY INSURANCE:** You understand that You are required to purchase property insurance on the Motor Vehicle. You can buy this insurance through any person of your choosing acceptable to Us (please see reverse side for what could happen if You do not maintain such insurance.)

**PROMISE TO PAY:** You promise to pay to the order of FreedomRoad Financial, the Principal Amount (shown above) plus interest at the Contract Rate of __7.99__ from the date You sign this Agreement and continuing until Your loan is paid in full. You agree to make regular monthly payments in accordance with the payment schedule shown above. You may prepay all or any part of the unpaid principal balance without paying any penalty. If You prepay, we will not refund to You any portion of the finance charge. If we have not received the full amount of any payment by the end of ten (10) calendar days after it is due, You may be required to pay a late charge equal to five percent (5%) of the full amount of the scheduled payment. If any payment under this Agreement is made with a check or other instrument that is dishonored for any reason, You agree to pay Us a returned check fee of Twenty-five dollars ($25) in addition to any other amounts or charges You may owe Us. Interest will be charged on a daily basis of 1/365 beginning on the date You sign this Agreement to purchase or refinance the Motor Vehicle described above and continuing until the full amount of the principal balance has been paid. This means the amount of interest You pay will be less if You make your payments early and more if You pay late.

**ADDITIONAL TERMS AND CONDITIONS.** Please see the reverse side for additional terms and conditions. You are bound by these terms in the same manner as if they were printed on the front.

**SIGNATURE.** By signing below, You agree to all of the terms of this Agreement and request Us to issue the proceeds of this Note. You acknowledge receiving a copy of this Agreement.

**NOTICE TO COSIGNER.** You are being asked to guarantee this debt. As a co-signer You are responsible for paying the entire debt. If the borrower doesn't pay the debt, You will have to. Be sure You can afford to pay if You have to and that You want to accept this responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs which inceases this amount. FreedomRoad Financial can collect this debt from You without first trying to collect from the borrower. FreedomRoad Financial can use the same collection methods against You that can be used against the borrower, such as suing You, garnishing Your wages, etc. If this debt is ever in default, that fact may become a part of Your credit record. This notice is not the contract that makes You liable for the debt.

**1. DEFINITIONS.** "You" or "Your" means each borrower and each other person or entity who agrees to pay this Note and therefore agrees to the terms of this Note. "We" or "Us" means FreedomRoad Financial and its parent Evergreen Private Bank, collectively referred to as the Lender and its successors and assigns. The terms, "Contract," "Agreement," "Loan," and "Note" are used interchangeably.

**2. APPLICABLE LAWS.** The laws of the state where the Lender's lien has been recorded applies as to matters regarding the Lender's security interest in the Motor Vehicle. The laws of the United States, and as to the rate of interest and other related fees due and owing under this Agreement, the laws of the State of Illinois shall apply.

**3. OWNERSHIP AND RISK OF LOSS.** You agree to pay the Lender all You owe under this Contract even if the Motor Vehicle is damaged, destroyed or missing. You agree to keep the Motor Vehicle in good condition and repair. You agree not to remove the Motor Vehicle from the United States, and not to sell, rent, lease or otherwise transfer any interest in the Motor Vehicle or this Contract without the Lender's express written permission. You agree to protect the Motor Vehicle from claims of third persons. You agree not to expose the Motor Vehicle to misuse or confiscation. You will make sure the Lender's security interest is perfected and a lien on the Motor Vehicle is shown on the title, or other documentation acceptable to the Lender. You agree to provide all acts, things and writings as the Lender may at any time request to protect or enforce its rights in the Motor Vehicle and other collateral. You will not do anything to defeat the Lender's lien. If the Lender pays any repair bills, storage costs, taxes, fines, DMV fees or other charges on or for the Motor Vehicle, (although the Lender is not required to do so on Your behalf) You agree to repay the amount when the Lender asks for it.

**4. SECURITY INTEREST.** You grant the Lender a purchase money security interest in the Motor Vehicle stated on the front of this Contract and any of the following items that are purchased and financed in connection with this Contract: a) any accessories, equipment, and replacement parts installed on the Motor Vehicle; b) any insurance premiums and charges for service or GAP products returned to the Lender; c) any proceeds of insurance policies, service or GAP products on the Motor Vehicle; and d) any proceeds of insurance policies on Your life or health which are financed through this Contract. The purchase money security interest is in addition to any other security interest or lien the Lender holds or which you are required to provide as a condition of the Note. This secures payment of all amounts You owe on the Contract and on any transfer, renewal, or extension of this Contract. It also secures Your other agreements in this contract. To the extent permitted law, the Collateral under this Contract also secures Your other obligations to the Lender, whether now owning or incurred hereinafter.

**5. REQUIRED PHYSICAL DAMAGE INSURANCE.** You agree to have physical damage insurance covering loss or damage to the Motor Vehicle for the term of this Agreement, showing the Lender as "additional insured and loss payee." At any time during the term of this Agreement, if You do not have physical damage insurance which covers both interests in the Motor Vehicle, We may, if We decide, buy insurance which covers our interest only. We are under no obligation to buy insurance, but may do so if We desire. If We buy either of these coverages, We will let You know what type it is and the charge you must pay. We may either ask for immediate reimbursement from You for the cost of such insurance or may add the insurance premium to the unpaid principal amount on this Agreement. If the insurance premium is added to the unpaid principal amount of this Agreement, interest will be charged on the insurance premium at the Annual Percentage Rate

_Cotter Brestle_  9/17/15
Borrower's Signature       Date       Co-Borrower's Signature       Date       Page 2 of 3

## ADDITIONAL TERMS AND CONDITIONS

disclosed in this Agreement, and You agree to pay the insurance premium with interest in equal installments along with the payments shown on the payment schedule. You understand and agree that if We purchase any physical damage insurance, We will be acting in our interest only. You further understand and agree that the purchased insurance will not contain any liability coverages, will only cover our interest in the Motor Vehicle, may have deductible amounts different than those in Your provided insurance, and may be more expensive than equivalent insurance which You could buy on Your own. You agree that We can purchase such insurance with coverage that will be retroactive to the date Your insurance terminated. You understand and agree that We may receive compensation or reimbursement in connection with such insurance. If the Motor Vehicle is lost or damaged, You agree that We can use any insurance settlement to repair the Motor Vehicle or to apply to Your debt, at our sole and absolute discretion.

**6. INSURANCE OR SERVICE PLAN OR REPAIR PLAN CHARGES RETURNED TO US.** If any charge for required insurance is returned to Us, it may be credited to Your account or used to buy similar insurance or insurance which covers only our interest in the Motor Vehicle. Any refund on optional insurance or service/repair plan obtained by Us will be credited to Your account. Credits to Your account will be in the same manner as payments. You will be notified of what is done.

**7. DISHONORED CHECK CHARGE.** We may charge you a $25 Fee for the return by a depository institution of a dishonored check, negotiable order of withdrawal or share draft issued in connection with any payment due under this Contract.

**8. DELAY IN ENFORCING RIGHTS; CHANGES TO THIS CONTRACT.** The Lender can delay or refrain from enforcing any of its rights under this Agreement without losing them. For example, We may extend the time for making some payments without extending others. You agree to be bound by any document provided by Us that changes the terms and conditions of this Agreement due to state or federal law requirements. Any change in the terms or conditions of this Agreement must be in writing and signed by the Lender. No oral changes are binding.

**9. DEFAULT.** You will be in default under the Note or other parts of the Agreement if any one or more of the following events occurred: 1) You fail to make a monthly payment within ten (10) days of its due date or any other payment when due; 2) You provide Us false or misleading information in connection with this loan; 3) You die or are declared incompetent; 4) You fail to pay or keep any other promise or any other loan You may have with Us; 5) the Motor Vehicle is damaged or stolen; 6) You breach any agreement or covenant in this Agreement.

**10. FAILURE TO PAY OR KEEP PROMISES AS REQUIRED.** If You do not pay Us as agreed or You are otherwise in default or if an event occurs which substantially reduces the value of the Motor Vehicle which materially impairs Your prospects to pay under this Agreement, We may, at our option, declare the entire unpaid principal amount to be immediately due and owing. You will, following such event, at our request, deliver the Motor Vehicle to a place We designate which is reasonably convenient to both You and Us.

**11. CREDIT REPORTING.** You agree that We may request a consumer credit report in connection with Your application and in connection with an update, renewal, or extension of the credit for which the application is made.

**12. INTEGRATION AND SEVERABILITY.** This agreement contains the entire agreement between You and Us. If any part of this agreement is invalid, all other parts of the agreement will remain valid.

**13. NON-WAIVER.** You agree not to send Us partial payments marked "paid in full", "with prejudice", "without recourse" or any similar restrictive endorsements. If you send these items or complaints to our lockbox or address specified for payment, they shall not be deemed received and the endorsement will not be effective against Us even though We cashed the checks on which such endorsements are contained.

**14. NOTICE OF LIMITED AGENCY.** The dealer has no authority to approve or to make this loan. The dealer is not our agent in connection with the sale of the Motor Vehicle You are purchasing with the proceeds of this loan. The dealer is only authorized to prepare the loan documents and to obtain Your signatures.

**15. CUSTOMER INDENTIFICATION NUMBER (CIP).** Pursuant to requirements of law, including the USA PATRIOT Act, We are obtaining information and will take necessary actions to verify Your identity.

**16. REPOSSESSION OF THE MOTOR VEHICLE FOR FAILURE TO PAY.** If You fail to pay according to the payment schedule or if You break any of the agreements in this Agreement (default), We can take the Motor Vehicle from You (repossession) subject to any right to cure default You may have. To take the Motor Vehicle, We can go on Your land or anywhere the Motor Vehicle is located so long as it is done peacefully. If there are any personal belongings in the Motor Vehicle such as clothing, furniture, and tools, We may store the items. However, We do not have to store them and will not be responsible for the items beyond what the law may require. Any accessories, equipment or replacement parts will remain with the Motor Vehicle.

**17. GETTING THE MOTOR VEHICLE BACK AFTER REPOSESSION.** If We repossess the Motor Vehicle, then at least 15 days before selling the Motor Vehicle We will send to You a notice of sale disclosing that You have the right to redeem the Motor Vehicle by paying the accelerated balance and other costs of repossession. Under certain circumstances, You may have the right to reinstate the account by paying past due payments plus any late charges, the cost of taking and storing the Motor Vehicle and other expenses that We have or our assignee has had. We will use the net proceeds of the sale to pay all or part of Your debt. If You owe less than the net proceeds of sale, We will pay You the difference, unless We are required to pay it to someone else. For example, We may be required to pay a lender who has given You a loan and also taken a security interest in the Motor Vehicle.
If You owe more than the net proceeds of sale, You will pay Us the difference between the net proceeds of the sale and what You owe when We ask for it. If You do not pay this amount when asked, We will charge interest on it. If You have wrongfully damaged the Motor Vehicle, You will be liable to Us for the damages.

**18. ATTORNEY FEES AND COLLECTION COSTS.** To the extent permitted by applicable law, if We hire an attorney other than our salaried employee to collect what You owe, You agree to pay our reasonable attorney's fees, including any incurred in connection with any bankruptcy or appellate proceeding, and any court costs and out of pocket expenses, whether or not the suit is filed, plus interest on such sums at the highest rate allowed by law.

**19. WARRANTY DISCLAIMER.** You understand that the Lender is not offering any warranties and that there are no implied warranties of merchantability, of fitness for a particular purpose, or any other warranties, expressed or implied by the Lender, covering the Collateral.

Notice: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE BORROWER COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE BORROWER SHALL NOT EXCEED AMOUNTS PAID BY THE BORROWER HEREUNDER.

NOTICE TO CONSUMER. (1) Do not sign this Agreement before You read it; (2) You are entitled to a copy of this Agreement: (3) You may, at any time, prepay the unpaid balance of this Agreement.

CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE ENTIRE CONTRACT BEFORE YOU SIGN IT.

I have received a copy of the entire PROMISSORY NOTE, DISCLOSURE AND SECURITY AGREEMENT.

| _Catey Beuele_ | 9/17/15 | _____ | _____ |
|---|---|---|---|
| Borrower's Signature | Date | Co-Borrower's Signature | Date |



**PURCHASER MUST SECURE A NEW TITLE, OR SURRENDER THIS ONE TO DMV WITHIN 30 DAYS OF SALE DATE.**

**ANY ALTERATIONS OR ERASURE WILL VOID THIS CERTIFICATE OF TITLE AND IT MUST THEN BE SURRENDERED TO SECURE A REPLACEMENT**

fines and/or imprisonment.

**B — DEALER REASSIGNMENT**
I am aware of the dealer's odometer certification. Date of Sale _____ Sale Price _____
Buyer(s) Printed Name _____ Buyer(s) Signature _____
Buyer(s) Address _____ City _____ State _____ Zip Code _____
ODOMETER READING (No Tenths)
I certify to the best of my knowledge that the odometer reading is:
☐ ACTUAL Mileage  ☐ NOT ACTUAL Mileage (odometer discrepancy)  ☐ IN EXCESS of Mechanical Limits
☐ Model year is 10 years or older and was exempt from odometer disclosure in prior state of title (applicant must present out-of-state title showing exemption)
Dealer(s) Signature _____ Dealer(s) Printed Name _____ Dealer Number _____ Licensing Jurisdiction _____
The dealer certifies that the vehicle described in this title was transferred to the above buyer and that the odometer reading has been disclosed to the buyer.

**C — DEALER REASSIGNMENT**
I am aware of the dealer's odometer certification. Date of Sale _____ Sale Price _____
Buyer(s) Printed Name _____ Buyer(s) Signature _____
Buyer(s) Address _____ City _____ State _____ Zip Code _____
ODOMETER READING (No Tenths)
I certify to the best of my knowledge that the odometer reading is:
☐ ACTUAL Mileage  ☐ NOT ACTUAL Mileage (odometer discrepancy)  ☐ IN EXCESS of Mechanical Limits
☐ Model year is 10 years or older and was exempt from odometer disclosure in prior state of title (applicant must present out-of-state title showing exemption)
Dealer(s) Signature _____ Dealer(s) Printed Name _____ Dealer Number _____ Licensing Jurisdiction _____
The dealer certifies that the vehicle described in this title was transferred to the above buyer and that the odometer reading has been disclosed to the buyer.

**D — PERSONAL PROPERTY TAX RELIEF**
**DOES YOUR VEHICLE QUALIFY FOR CAR TAX RELIEF?**
If you can answer YES to any of the following questions, your motor vehicle is considered by State Law to have a business use and does NOT qualify for Personal Property Tax Relief.
• Is more than 50% of the vehicle's annual mileage used as a business expense for federal income tax purposes OR reimbursed by an employer?
• Is more than 50% of the depreciation associated with the vehicle deducted as a business expense for Federal Income Tax purposes?
• Is the cost of the vehicle expensed pursuant to Section 179 of the Internal Revenue Service Code?
• If the vehicle is leased by an individual, does the leasing company pay the tax without reimbursement from the individual?
This vehicle is for ☐ Personal Use  ☐ Business Use   Check one of the boxes.    See business use criteria above.

**E — LIEN INF.**
LIENOR'S NAME _____ LIENOR CODE _____ DATE OF LIEN _____
ADDRESS _____ CITY _____ STATE _____ ZIP _____

**F**
VEHICLE COLOR: _____   REGISTRATION PERIOD:  ☐ One Year   ☐ Two Years ($2 discount applies)

**APPLICATION FOR REGISTRATION (LICENSE PLATES ISSUED)**
**INSURANCE CERTIFICATION:** A vehicle must be insured with liability coverage when it is registered, and it must remain insured while registered, whether or not it is operated, OR the uninsured motor vehicle fee must be paid. Penalties are severe for violation of this requirement.
I/We certify that **(check one):**
☐ This vehicle is insured by a liability policy issued through an insurance company licensed to do business in Virginia and it will remain insured while registered, whether or not it is operated.
☐ This vehicle is not insured; therefore, I am remitting the applicable uninsured motor vehicle fee. (This fee provides no insurance coverage.)

**POWER OF ATTORNEY FOR NON-RESIDENT(S) AND CORPORATION(S) NOT DOMICILED IN VIRGINIA:** Pursuant to the provisions of Virginia Code §46.2-601, I/we appoint the Commissioner of the Department of Motor Vehicles of the Commonwealth of Virginia, to be my/our true and legal agent upon whom all legal processes against me/us may be served in any legal proceeding arising from the operation and/or use of any motor vehicle registered in my/our name(s) in the Commonwealth of Virginia. I/we agree that any lawful process or notice to me/us which is served on the Commissioner shall have the same legal effect as if served on me/us within the Commonwealth of Virginia.

**PRIVACY NOTICE:** The information, including Social Security Number, is requested in accordance with Virginia Code §§46.2-623 and 46.2-629. Any person who refuses to supply the required information will be denied a certificate of title and/or registration. Title and registration records may be disseminated in accordance with §§46.2-208 through 46.2-214, to business, law enforcement or authorized government entities.

**G — CERTIFICATION OF BUYER**
**CERTIFICATION**
NO PAPER TITLE - Check this box ☐ if you do not want a paper title issued to you. An electronic Certificate of Title will remain on the file for this vehicle at DMV.
If this application is for joint ownership, do you wish clear rights of ownership to be transferred to the surviving owner in the event of the death of either the owner or co-owner?  ☐ YES  ☐ NO
Are any of the vehicle owners on active military duty or service?   ☐ YES  ☐ NO
I/We certify and affirm under penalty of perjury that the information contained in this application is true and correct to the best of my/our knowledge. I/We understand it is unlawful to knowingly make a false statement and any violation may be prosecuted as a felony as provided in Virginia law.
SIGNATURE OF APPLICANT _____ DATE _____
SOCIAL SECURITY NUMBER/FEIN OF APPLICANT _____
SIGNATURE OF CO-APPLICANT _____ DATE _____
SOCIAL SECURITY NUMBER/FEIN OF CO-APPLICANT _____
STREET ADDRESS _____
CITY _____ STATE _____ ZIP _____
VEHICLE PRINCIPALLY GARAGED IN CITY, TOWN, COUNTY OR STATE OF
☐ CITY OR TOWN OF _____   ☐ COUNTY OF _____

**DMV USE ONLY**
SALE PRICE $ _____ BEFORE TRADE IN ALLOWANCE
TAX $ _____ (MINIMUM TAX MAY APPLY)
TITLE FEE $ _____
TRANSFER FEE $ _____
REG FEE $ _____
WT INCREASE FEE $ _____
PERSONALIZED PLATE FEE $ _____
UMV FEE $ _____
OTHER $ _____
TOTAL $ _____

**WITH LIEN**
☐ YES  ☐ NO
Proof of Address (specify proof document presented)

CLERK STAMP

Reassignment Form, Control No., (If applicable) _____

VSA3L (REV. 11/12)

PG# _____  PLATE TYPE _____  PLATE NO. _____  ISSUED _____  EXPIRE DATE _____  TITLE NUMBER _____  DMV USE ONLY